UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Gippy Hill Wheeler, ) | Civil Action No.: 5:21-cv-04101-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Kaymani D. West.[1] Plaintiff, Gippy Hill Wheeler, brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying her claim for Disability Insurance Benefits (DIB). The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB August 12, 2020 alleging a disability onset date of June 20, 2020. Tr. 153. After a hearing before an Administrative Law Judge ("ALJ"), the ALJ found that Plaintiff was not disabled. The ALJ's findings are as follows:

>     1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2025.
>
>     2.   The claimant engaged in substantial gainful activity during the following periods: July 1, 2020 through

---

[1]   This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

September 30, 2020 (20 CFR 404.1520(b) and 404.1571 *et seq*.).

3. There has not yet been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the period beginning June 20, 2020 to the present in which claimant alleges she did not engage in substantial gainful activity.

4. The claimant has had the following severe impairments: Type 1 diabetes and hypothyroidism (20 CFR 404.1520(c)).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: she must avoid concentrated exposure to extremes of heat and cold and must also avoid workplace hazards such as dangerous machinery.

7. The claimant is capable of performing past relevant work as an account executive, DOT # 250.257-018, classified in the Dictionary of Occupational Titles as "sedentary," skilled work, SVP 7; as a sales associate, DOT # 299.357-014, classified as "sedentary," semi-skilled work, SVP 3; and as a payroll and bookkeeping clerk, DOT # 210.382-014, classified as "sedentary," skilled work, SVP 6. This work does not required the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

8. The claimant has not been under a disability, as defined in the Social Security Act, from June 20,

> 2020, through the date of this decision (20 CFR 404.1520(f)).

Tr. 12-29.

The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on November 26, 2021. Tr. 1-3.  Plaintiff filed this action on December 21, 2021, seeking judicial review of the Commissioner's decision. ECF No. 1. Both Plaintiff and the Commissioner filed initial briefs and Plaintiff filed a reply brief. *See* ECF Nos. 17, 22, and 24.  The Magistrate Judge issued her Report and Recommendation ("R&R") on December 16, 2022, recommending that the Commissioner's decision be affirmed. ECF No. 26. Plaintiff filed objections to the R&R on December 28, 2022. ECF No. 27.  The Commissioner filed a reply to Plaintiff's objections on January 10, 2023. ECF No. 29.

**STANDARD OF REVIEW**

The federal judiciary has a limited role in the administrative scheme established by the Social Security Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968).  The Court must

uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it).  This standard of review does not require, however, mechanical acceptance of the Commissioner's findings.  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157-58.

As to the R&R and the Magistrate Judge's recommendation to affirm the Commissioner's decision, the Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error,  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

The Social Security Act defines a "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To make a disability determination, a Social Security adjudicator goes through a sequential five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the claimant must show that he was not engaged in "substantial gainful activity" at the relevant time. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he was engaged in "substantial gainful activity," he is not disabled and the inquiry ends. 20 C.F.R. §§ 404.1520(b), 416.920(b).

Step two requires the claimant show that he has a "severe" medical impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe" impairment is one that significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment ... is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a); *See also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (cleaned up). Without a severe impairment, the inquiry ends.

A claimant with a severe impairment can then establish disability, at step three, if his impairments meet or medically equal a "listed" impairment and meet the duration requirement. 20 C.F.R. Part 404, Subpart P, Appendix 1 (listed impairments); 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii), 404.1520(d), 416.920(d), 404.1525, 404.1526. An impairment meets the duration requirement if it has lasted or is expected to last for at least 12 months, unless death is expected. 20 C.F.R. §§ 404.1509, 416.909.

If the claimant is not found disabled at step three, the ALJ proceeds to step four and considers the claimant's "residual functional capacity" and his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's residual functional capacity is his ability to do physical and mental work activities on a sustained basis. *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (A claimant's "residual functional capacity is the most [he] can still do despite [his] limitations."). "To assess the claimant's Residual Functional Capacity, the ALJ must first identify the claimant's functional limitations or restrictions and assess the claimant's ability to do sustained work-related activities on a regular and continuing basis—i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 90 (4th Cir. 2020) (cleaned up). After the residual functional capacity assessment, the ALJ considers whether the claimant can still perform past relevant work despite the limitations identified. *Id*. If the claimant can still perform past relevant work, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the claimant can't perform his past relevant work, the ALJ moves to step five and considers the claimant's residual functional capacity, age, education, and work experience to determine whether he can adjust to other work available in the national economy. 20 C.F.R. §§

404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can adjust to other work available in the national economy, he is not disabled.  If he cannot adjust and meets the duration requirement, then he is disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).  Though the claimant bears the burden of proof at the first four steps, the burden shifts to the Commissioner at step five, during which the ALJ typically relies on a vocational expert's testimony. *Arakas*, 983 F.3d at 90.

A reviewing court must uphold the ALJ's determination when the "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (citation and internal quotation marks omitted). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted).  In reviewing for substantial evidence, the court does not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.2005).  "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (brackets, citation, and internal quotation marks omitted).

## ANALYSIS

The Magistrate Judge recommended affirming the Commissioner's decision finding that Plaintiff failed to show the Commissioner's decision was unsupported by substantial evidence or reached through an application of an incorrect legal standard. ECF No. 26.  Specifically, the Magistrate Judge found that the ALJ adequately evaluated Plaintiff's subjective complaints,

appropriately considered the opinions and medical records of Plaintiff's treating physician - Dr. Vazquez, and properly analyzed Plaintiff's residual functional capacity. ECF. No. 26 at 12, 18, and 20.

In her first objection, Plaintiff argues the Magistrate Judge implicitly endorsed the ALJ's finding that Plaintiff left work for reasons other than her medical condition. ECF No. 27 at 1. Plaintiff emphasizes that she was "laid off" from her position as an account executive with Deloitte and Touche, *but indicates "there is no evidence as to why" she was laid off*. *Id*. at 2. After acknowledging there is no evidence as to why she was laid off, Plaintiff argues that it was clear error for the Magistrate Judge to not consider the possibility that Plaintiff's disability may have been related to her termination.

There is nothing in the Magistrate Judge's R&R that would suggest a finding by the Magistrate Judge that Plaintiff left work for any particular reason. The Magistrate Judge simply observed that Plaintiff struggled with diabetes throughout her tenure at Deloitte but remained employed despite her impairment and resulting symptoms. ECF No. 26 at 12. The first medical records in the Administrative Record show that Plaintiff was diagnosed with diabetes as early as 2011 and that in January 2013 her diabetes was not "well controlled." R. at 247. Plaintiff's work history indicates that, despite having diabetes, she was employed as an account executive from 2014 through 2020, and a sales associate at a consulting assessment firm from 2008 to 2015. R. at 177. The medical records submitted from the time period before Plaintiff became unemployed in June of 2020 show that Plaintiff was hospitalized twice for diabetic ketoacidosis in 2017, yet continued to work until 2020. R. at 320-322, 378-379. Given the absence in the record of any reason for

Plaintiff's termination from work, it was not error for the Magistrate Judge to not consider the possibility that Plaintiff's disability may have been related to her termination.

In any event, the reason for Plaintiff's separation from her employment is immaterial because, as explained below, the ALJ's residual functional capacity determination and finding that Plaintiff could perform past relevant work are supported by substantial evidence and defeat Plaintiff's claim for disability benefits. Plaintiff's first objection is overruled.

Plaintiff's second objection challenges the Magistrate Judge's finding that there had been no significant worsening of her diabetic control. This objection relates to the ALJ's residual functional capacity determination, analysis of Plaintiff's subjective complaints, and consideration of Dr. Vazquez's treating source opinion. As noted above, the ALJ found that Plaintiff had the residual functional capacity to perform the full range of work at all exertional levels.

In finding no error in the ALJ's residual functional capacity analysis, the Magistrate Judge referred to a portion of the ALJ's decision wherein the ALJ states "[s]ince the medical evidence demonstrates there has been no significant worsening of her diabetic control (Dr. Vazquez's statements notwithstanding), since her layoff, it is reasonable to conclude that except for the layoff, she would still be able to perform the work she was doing for Deloitte at the time of her layoff." ECF No. 26 at 11 (referencing R. at 25). The ALJ's statement is consistent with the medical records and follows a lengthy analysis by the ALJ of Plaintiff's treatment records, her testimony, and other evidence in the administrative record.

The Court does not dispute that Plaintiff's diabetes was uncontrolled, but even though uncontrolled, Plaintiff's treating physician, Dr. Vazquez, consistently described Plaintiff's diabetes as "mild." *See, e.g.*, R. at 585 (encounter date 6/22/2021), 589 (encounter date 6/3/2021), 566

9

(encounter date 2/25/2021), 521 (encounter date 11/17/2020), 446 (encounter date 8/11/2020), 450 (encounter date 4/30/2020), 453 (encounter date 1/10/2020), 456 (encounter date 10/2/2019), 460 (encounter date 1/14/2019).  The ALJ correctly noted, "treatment notes from late 2019 through April 2020 reflect no significant decline or worsening of the claimant's condition." R. at 21.  At her annual physical on February 1, 2021, *more than six months after her alleged onset date*, Plaintiff reported that she was "walking at least 5 days per week 3-7 miles." R. at 540.

The Magistrate Judge found no error in the ALJ's residual functional capacity explanation and correctly declined to re-weigh the evidence.  This Court agrees with the Magistrate Judge and finds that the ALJ's residual functional capacity determination that Plaintiff could perform the full range of work at all exertional levels is supported by substantial evidence.  The ALJ provided clear and valid reasons for discounting Plaintiff's subjective complaints noting that Plaintiff's subjective complaints were not entirely consistent with the medical evidence and other evidence in the record. *See* R. at 21-27.  In particular, the ALJ noted that many of the Plaintiff's difficulties with her diabetes management were associated with periods of illness/upper respiratory infections, which seemed to be seasonal. R. at 21.

The ALJ also gave sufficient reasons for discounting Dr. Vazquez's (treating physician) opinion that Plaintiff was precluded from performing full-time work, even at a sedentary level. *See* R. at 26-27.  Under the new Social Security regulations in effect for applications filed on or after March 27, 2017, ALJs need not assign evidentiary weight to medical opinions or give special deference to treating source opinions. 20 C.F.R. § 404.1520c(a) (providing "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources").  Instead, ALJs

10

consider medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements. 20 C.F.R. § 404.1520c(c). The first two factors, supportability and consistency, are the most important in determining the persuasiveness of a medical source's opinion, and the ALJ is not required to explain the consideration of the other three factors. *Id*. at § 404.1520c(b)(2). The new regulations further deem certain evidence "inherently neither valuable nor persuasive." 20 C.F.R. § 404.1520b(c). This includes statements on issues reserved to the Commissioner such as whether the claimant is disabled, is unable to work, or is incapable of doing past relevant work. 20 C.F.R. § 404.1520b(c)(3).

Plaintiff testified that she stopped working in June 2020 because of her uncontrolled diabetes and worsening health; however, her last encounter with Dr. Vazquez before she stopped working was April 30, 2020. R. at 448-451.  At the April 30, 2020 visit, Dr. Vazquez recorded that Plaintiff's diabetes was stable, chronic, uncontrolled, and mild. R. at 450.  Plaintiff did not seek medical treatment again until August 6, 2020, when she saw her primary care physician, Dr. Sandra McCormack.  Dr. McCormack recorded that Plaintiff was going to lose her health insurance at the end of the month and was going to try for disability due to lability of her glucose levels and, at times, having to leave work and/or rest during the work day. R. at 512.  Dr. McCormack gave Plaintiff some samples of Tresiba but asked that Plaintiff check with Dr. Vazquez regarding the correct dose. R. at 513.

Plaintiff's next appointment with Dr. Vazquez was August 11, 2020. R. at 445-448. At this appointment, Dr. Vazquez noted that Plaintiff's diabetes was mild and uncontrolled. R. at 445. Dr. Vazquez also noted that Plaintiff was laid off from her job. *Id*. Dr. Vazquez downloaded and reviewed Plaintiff's blood glucose meter and found that her blood sugar was high after dinner, likely due to stress, and low in the middle of the night. *Id*.

The next record from Dr. Vazquez is from a November 17, 2020 encounter. R. 521. Dr. Vazquez stated that Plaintiff's diabetes was "better overall but blood sugars still fluctuate 70-300s. one-day blood sugar was 504." *Id*. Dr. Vazquez went on to describe the severity of Plaintiff's diabetes as "mild." *Id*.

As noted above, Plaintiff reported to Dr. McCormack for her annual physical in February 2021. R. at 540. Under physical activity, Dr. McCormack recorded that Plaintiff exercises on a regular basis (walking at least 5 days per week 3-7 miles). *Id*. Dr. McCormack noted Plaintiff's Type 1 diabetes and classified it "without complications." R. at 542. As to her hypothyroidism, Dr. McCormack stated that Plaintiff's TSH test (thyroid stimulating hormone test) was "OK." *Id*.

Plaintiff returned to Dr. Vazquez on February 25, 2021. R. at 567. Again, Dr. Vazquez classified Plaintiff's diabetes as "mild" yet uncontrolled. *Id*. Plaintiff's hypothyroidism was noted as "stable." *Id*. Plaintiff appeared healthy, well-nourished, well-developed, and ambulating normally. R. at 568.

The most recent treatment note from Dr. Vazquez is from a June 22, 2021 appointment - notably after Plaintiff received notice of her disability hearing. R. at 24, 119. The ALJ noted that Plaintiff's subjective complaints on this date include "more functional complaints by the Plaintiff than on all other occasions in the previous two years combined!" R. at 24 (emphasis in original).

This Court concurs with that assessment but does not necessarily believe that Plaintiff was intentionally exaggerating her symptoms. Dr. Vazquez stated that the June 22, 2021 visit occurred after Plaintiff's participation in a pharmaceutical trial for the drug Afrezza and that the purpose of her visit was to review her sugars after the Afrezza trial. R. at 585. In any event, in the notes for the June 22, 2021 appointment, Dr. Vazquez again recorded the severity of Plaintiff's diabetes as "mild." *Id*. Dr. Vazquez also indicated in her physical exam that Plaintiff was "acutely ill" but indicated that she was ambulating normally and appeared well-developed. R. at 585-856.

While it is apparent that Plaintiff's diabetes was not well-controlled, the treatment notes since her alleged onset date simply do not reflect significant functional limitations sufficient to undermine the ALJ's residual functional capacity determination. The record lacks objective medical evidence to support Plaintiff's subjective complaints, especially the complaints lodged at the hearing and her June 22, 2021 visit with Dr. Vazquez. Unlike the claimant in *Arakas v. Comm'r Soc. Sec. Admin.*, 983 F3d 83, 96 (4th Cir. 2020), which concerned a claimant suffering from fibromyalgia, Type 1 diabetes does not elude objective medical measurements of severity. Thus, it was not error for the ALJ to discount Plaintiff's subjective complaints or the opinions of Dr. Vazquez based on inconsistent objective medical evidence. *See* R. at 21, 25. This Court's function is not to reweigh the evidence but determine whether the ALJ's decision was supported by substantial evidence and reached through an application of the correct legal standard. Here, the Court concludes that substantial evidence supported the ALJ's residual functional capacity determination, the ALJ sufficiently applied the correct legal standard, and built "an accurate and logical bridge from the evidence to his conclusion." *Arakas*, 983 F.3d at 100

The ALJ also found that Plaintiff could still perform her past relevant work as an account executive, a sales associate, and as a payroll and bookkeeping clerk, which are all classified as sedentary by the Dictionary of Occupational Titles ("DOT"). R. at 27.[2] The Court finds that the ALJ's determination that Plaintiff could perform her past relevant work was supported by substantial evidence for the same reasons that support the ALJ's residual functional capacity determination. Plaintiff's ability to perform her past relevant work defeats her claim for disability benefits. Plaintiff's second objection is overruled.

Plaintiff's final objection to the Magistrate Judge's R&R concerns the ALJ's failure to include an explicit function-by-function analysis of the Plaintiff's residual functional capacity. "The process for assessing [the] RFC is set out in Social Security Ruling 96-8p." *Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016). The only functional capacity evaluations in the record are from State agency medical consultants. *See* R. at 70-77; 80-85.  The form completed by Dr. Vazquez indicating that Plaintiff could not perform full-time work, R. 574, even at the sedentary level lacks persuasive value because it is not consistent with the majority of the treatment notes or the objective medical evidence.  Additionally, as noted by the ALJ, the form was prepared by Plaintiff's attorney, there is no evidence in the file to suggest that Dr. Vazquez engaged the claimant in any type of functional capacity evaluation, and there is no evidence to suggest that Dr. Vazquez has any knowledge or experience with medical-vocational terms of art such as "sedentary" work, "substantial gainful activity," etc. R. at 26.

---

[2]     If the claimant can still perform past relevant work, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

After reviewing the record, the State agency consultants at both the initial and reconsideration levels concluded Plaintiff had no exertional, postural, manipulative, visual, or communicative limitations. R. at 74–75, 82–83. The ALJ concluded, "[i]n making my function-by-function assessment, I generally agree with the functional limitations imposed by the State agency medical consultants, and find their conclusions to be consistent with the medical evidence, and very persuasive." R. 27. The ALJ's conclusion is consistent with Plaintiff's own statements to her treating physicians regarding her functional limitations, especially Dr. McCormack. *See* R. at 540.

In this case, the ALJ properly relied on the function-by-function analysis of the state agency consultants to satisfy his requirement of conducting a function-by-function analysis under SSR 96-8p. *See Sineath v. Colvin*, 1:16CV28, 2016 WL 4224051, at *5 (M.D.N.C. Aug. 9, 2016) ("[A] proper function by function analysis conducted by a state agency consultant can satisfy an ALJ's requirement to conduct a function by function assessment."); *Linares v. Colvin*, No. 5:15-cv-00120, 2015 WL 4389533, at *3 (W.D.N.C. July 17, 2015) ("Because the ALJ based his RFC finding, in part, on the function-by-function analysis of the State agency consultant, the ALJ's function-by-function analysis complied with SSR 96-8p."); *Savage v. Berryhill*, C/A No. 5:16-1138-KDW, 2017 WL 3124177, at *10 (D.S.C. July 24, 2017) (finding an ALJ's discussion sufficient to enable meaningful review despite the lack of an explicit function-by-function analysis where the ALJ gave great weight to a state agency consultant's opinion); *Lemken v. Astrue*, No. 5:07–CV–33–RLV–DCK, 2010 WL 5057130, at *8 (W.D.N.C. July 26, 2010) ("[T]he ALJ will have complied with the requirements of Social Security Ruling 96–8p if he bases his RFC on the state examiner's function-by-function analysis of Plaintiff's exertional limitations ..."); *See also,*

15

*Onishea v. Barnhart*, 2004 WL 1588294, at *1 (5th Cir. July 16, 2004).  Plaintiff's final objection is overruled.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law.  For the foregoing reasons, the Court hereby respectfully **OVERRULES** Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

March 6, 2023  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge